**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700          973/645-2700
Newark, NJ 07102

PCD/PL AGR
2004R01143

May 25, 2005

Lorraine Gauli-Rufo, AFPD
Federal Public Defender's Office
972 Broad Street
Newark, New Jersey 07102

      Re:  <u>Plea Agreement with Danny Diaz</u>
            Cr. 05-622 (RBK)

Dear Ms. Gauli-Rufo:

      This letter sets forth the plea agreement between your client, Danny Diaz, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Danny Diaz to a one-count Information, which charges him with knowing and willful distribution and possession with the intent to distribute more than fifty (50) grams of methamphetamine, a Schedule III narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A). If Danny Diaz enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Danny Diaz for the possession and distribution of methamphetamine, or "ICE" on or about September 9, 2004. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Danny Diaz may be commenced against him, notwithstanding the expiration of the limitations period after Danny Diaz signs the agreement. Danny Diaz agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Danny Diaz signs the agreement.

Sentencing

The violation of 21 U.S.C. §841(a)(1) and (b)(1)(A) to which Danny Diaz agrees to plead guilty carries a statutory minimum prison sentence of 10 years and a maximum prison sentence of life and a statutory maximum fine equal to the greatest of: (1) $4,000,000 or (2) twice the gross profits or other proceeds to Danny Diaz. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Danny Diaz is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Danny Diaz ultimately will receive.

Further, in addition to imposing any other penalty on Danny Diaz, the sentencing judge: (1) will order Danny Diaz to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Danny Diaz to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Danny Diaz, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) may deny Danny Diaz certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (5) pursuant to 21 U.S.C. § 841, must require Danny Diaz to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Danny Diaz be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Danny Diaz may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Additionally, if at the time of sentencing the United States is satisfied that the five enumerated characteristics set forth in 18 U.S.C. § 3553(f)(1)-(5) apply to Danny Diaz and his commission of the charged offense, the United States will make such a representation to the sentencing court and will recommend

that the sentencing court impose a sentence pursuant to the applicable Sentencing Guidelines without regard to any statutory minimum sentence.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Danny Diaz by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Danny Diaz's activities and relevant conduct with respect to this case.

Stipulations

This Office and Danny Diaz agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Danny Diaz from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Danny Diaz waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Danny Diaz. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Danny Diaz.

No Other Promises

This agreement constitutes the plea agreement between Danny Diaz and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: PHILIP JAMES DEGNAN
Assistant U.S. Attorney

APPROVED:

Mark J. McCarren, Chief
Public Protection Unit

- 4 -

I have received this letter from my attorney, Lorraine Gauli-Rufo, AFPD, I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____   Date: 6/8/05
Danny Diaz

_____   Date: 6/8/05
Lorraine Gauli-Rufo, AFPD

## Plea Agreement With Danny Diaz

### Schedule A

  1. This Office and Danny Diaz recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Danny Diaz nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Danny Diaz within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Danny Diaz further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

  2. The version of the United States Sentencing Guidelines effective November 1, 2004 applies in this case. The applicable guideline is U.S.S.G. § 2D1.1. This guideline carries a Base Offense Level of 32, as the offense involved at least 50 grams but not more than 150 grams of "ICE" (defined under U.S.S.G. §2D1.1(c) of the Notes to Drug Quantity Table as d-methamphetamine hydrochloride of 80% purity or more). Pursuant to § 2D1.1(a)(3), however, defendant's base offense level is reduced by 2 levels to a Base Offense Level of 30 as a result of the mitigating role adjustment discussed in Paragraph 3.

  3. The parties agree that Danny Diaz was not a minimal participant and is therefore not entitled to a three or four point decrease pursuant to U.S.S.G. § 3B1.2. This Office will not oppose Danny Diaz's claim that he is a minor participant in the criminal activity and that he is entitled to a decrease of 2 levels pursuant to U.S.S.G. § 3B1.2(b).

  4. Within the meaning of § 5C1.2(a)(2), Danny Diaz did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

  5. Within the meaning of § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

  6. Within the meaning of § 5C1.2(a)(4), Danny Diaz was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

7. Whether Danny Diaz meets the criterion set forth in subdivision (a)(1) and (a)(5) of § 5C1.2 has not yet been determined.

8. As of the date of this letter, Danny Diaz has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Danny Diaz's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, Danny Diaz has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Danny Diaz enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Danny Diaz's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Danny Diaz will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

10. In accordance with the above, the parties agree that: (a) if the Court finds, pursuant to U.S.S.G. § 5C1.2, that Danny Diaz meets the criteria in 18 U.S.C. § 3553(f)(1)-(5), Danny Diaz will be entitled to a 2-point reduction in his offense level pursuant to U.S.S.G. § 2D1.1(b)(7), with the result that the total Guidelines offense level applicable to Danny Diaz will be 23; and (b) otherwise, the total Guidelines offense level applicable to Danny Diaz will be 25 (collectively, the "agreed total Guidelines offense level").

11. The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

12. Danny Diaz knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or

below the Guidelines range that results from a total Guidelines offense level of 23. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 25. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.